## ESSEN et ux. v. CITY OF PHILADELPHIA.

(Circuit Court of Appeals, Third Circuit. November 28, 1910.)

### No. 1,409 (33).

MASTER AND SERVANT (§ 106*)—MASTER'S LIABILITY FOR INJURY TO SERVANT —NEGLIGENCE.

An employé in the engineering department of the city of Philadelphia, while standing on the elevated track of a railroad sketching a semaphore, saw a train approaching, and instead of going upon a platform, which was beside the track, stepped from the track alongside a picket fence between the two tracks, and was struck and killed by the train. There was a platform on each side of the tracks, beside one of which the semaphore stood. It did not appear that the sketch could not have been made from either platform. *Held*, that there was no evidence to charge the city with negligence which would render it liable for his death.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 106.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action at law by William G. Essen and Wife against the City of Philadelphia. Judgment (175 Fed. 522) for defendant, and plaintiffs bring error. Affirmed.

Charles H. Edmunds, for plaintiffs in error.

J. Howard Gendell, City Sol., and Joseph W. Catharine, Asst. City Sol., for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

LANNING, Circuit Judge. A judgment of nonsuit, entered by the court below, is here the subject of review. William L. Essen, son of the plaintiffs, and a draftsman in the employ of the defendant, the city of Philadelphia, was on May 8, 1907, sketching a safety device of the Philadelphia & Reading Railroad Company for the city of Philadelphia. It was work that he had been directed to do for his employer. While doing it, he stood on one of the tracks of the railroad company, was struck by an express train, and was killed.

The safety device, a semaphore about 24 feet high, stood on the side of the platform near Ninth and Spring Garden streets. There were but two tracks at the place of the accident, and there was a platform on each side of the railroad. There is no evidence to show that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the sketch could not have been made on either platform, or that the deceased's duty required him, in the performance of his work, to take a position upon the railroad tracks, or that any representative of the city had reason to believe he would take such a position. Consequently there is no evidence of negligence on the part of the city in failing to warn him of the approaching train. Indeed, he heard the warning whistle of the train, saw the train coming, and, instead of going to the platform, stepped from the track alongside the picket fence between the two tracks, in which place he stood when he received the injury that resulted in his death an hour or two later. The burden was on the plaintiffs to show negligence on the part of the defendant. It seems that the unfortunate man was himself negligent in unnecessarily assuming a dangerous place for doing his work, and in taking his place by the side of the picket fence when the train was approaching him. However that may be, it is clear that no inference of negligence on the part of the defendant can be properly drawn from the facts presented.

The judgment is therefore affirmed, with costs.